**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN N. COLE,<br><br>Defendant. | Case No. 25-cv-02272-TLN-JDP<br><br>**FINAL JUDGMENT** |

The Securities and Exchange Commission having filed a Complaint and Defendant Ryan N. Cole having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a) to employ any device, scheme, or artifice to defraud;

      b)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a)(2) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78i(a)(2)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to effect a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

1  service or otherwise: (a) Defendant's officers, agents, servants, employees, and
2  attorneys; and (b) other persons in active concert or participation with Defendant or
3  with anyone described in (a).

### III.

5  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
6  Defendant is permanently restrained and enjoined from violating Section 17(a) of
7  the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or
8  sale of any security by the use of any means or instruments of transportation or
9  communication in interstate commerce or by use of the mails, directly or indirectly:
10      a) to employ any device, scheme, or artifice to defraud;
11      b) to engage in any transaction, practice, or course of business which
12         operates or would operate as a fraud or deceit upon the purchaser;
13  by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any
14  person about the price or trading market for any security, or (ii) making any false or
15  misleading statement, or disseminating any false or misleading documents,
16  materials, or information, concerning matters relating to a decision by an investor
17  or prospective investor to buy or sell securities of any company.
18  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
19  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
20  binds the following who receive actual notice of this Final Judgment by personal
21  service or otherwise: (a) Defendant's officers, agents, servants, employees, and
22  attorneys; and (b) other persons in active concert or participation with Defendant or
23  with anyone described in (a).

### IV.

25  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
26  pursuant to Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section
27  21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(5)], for a period of five years from
28  entry of this Final Judgment, Defendant is restrained and enjoined from directly or

indirectly, opening, maintaining or trading in any brokerage account(s) in his name, the names of any immediate family members, the name of any company over which he has any control or the name(s) of any third party individuals, without providing the relevant broker-dealer(s) a copy of the Complaint and Final Judgment entered against him in this action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $234,803, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $52,656, and a civil penalty in the amount of $70,441 pursuant to Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $357,900 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI. below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ryan N. Cole as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts

ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

Defendant Ryan N. Cole shall pay the total of disgorgement, prejudgment interest, and penalty (name as applicable) due of $357,900 in four (4) installments to the Commission according to the following schedule:

(1) $5,000 within 60 days of entry of this Final Judgment;

(2) $5,000 within 180 days of entry of this Final Judgment

(3) $5,000 within 270 days of entry of this Final Judgment

(4) $342,900 within 365 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry

of Final Judgment. Prior to making the final payment set forth herein, Ryan N. Cole shall contact the staff of the Commission for the amount due for the final payment.

If Ryan N. Cole fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation Ryan N. Cole of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED: September 15, 2025

_____
Troy L. Nunley
Chief United States District Judge